IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**DEMOND JACKSON**,

       **Movant,**

v.

       Civil Action Nos.  3:12-cv-03287
       3:12-cv-03350
       (Criminal No: 3:99-cr-00015-5)

**UNITED STATES OF AMERICA,**

       **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are Movant's two Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, an Application to Proceed Without Prepayment of Fees and Costs, and Movant's self-styled Motion to Supplement Additional Grounds.[1] (ECF Nos. 466, 470, 473, and 501). These matters are assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order have been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the undersigned respectfully **RECOMMENDS** that both of Movant's Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be denied and that these actions be

---

[1] Movant previously filed another "Motion to Supplement Additional Grounds," (ECF No. 498), but has since requested that the Court "strike" this prior motion. (ECF No. 500). Accordingly, the undersigned **GRANTS** Movant's motion to withdraw his first Motion to Supplement Additional Grounds.

1

removed from the docket of the Court. The undersigned conclusively **FINDS** that Movant is not entitled to the relief requested; therefore, an evidentiary hearing is not required. *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970).

## I.     Procedural History

On June 28, 1999, Movant Demond Jackson ("Jackson") pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base ("crack cocaine") in violation of 21 U.S.C. § 846, and two counts of carrying and possessing a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). (ECF Nos. 162, 163, 343).[2] Jackson was sentenced to 324 months imprisonment, based upon his offense level of 37 and criminal history category of V. (ECF No. 258, 432). Jackson did not appeal his conviction, but did file a § 2255 petition, which the District Court rejected on July 3, 2003, (ECF Nos. 343, 344), and the United States Court of Appeal for the Fourth Circuit ("Fourth Circuit") denied on March 31, 2004. (ECF Nos. 366, 367). On June 13, 2005, the Fourth Circuit denied Jackson's Motion for Authorization to file a successive application for relief. (ECF No. 387).

On May 12, 2008, Jackson moved for a reduction of his sentence under 18 U.S.C. §3582(c)(2), in light of Amendment 706 to the Sentencing Guidelines on crack cocaine offenses. (ECF No. 419). On September 12, 2008, the District Court granted Jackson's motion, and reduced his sentence to 262 months, based upon a new offense level of 35 and unchanged criminal history category of V. (ECF No. 432). Jackson then appealed the District Court's reduction, arguing that he was entitled to a further reduction of sentence. (ECF No. 433). On April 23, 2009, the Fourth Circuit denied Jackson's appeal

---

[2] Docket numbers are taken from Jackson's underlying criminal action, 3:99-cr-15-5.

for further reduction, and that judgment took effect May 15, 2009. (ECF Nos. 440, 441, 442, 443).

On January 13, 2012, the District Court ordered *sua sponte* that Jackson's sentence was not subject to further reduction pursuant to the 2011 Amendments to the Sentencing Guidelines on crack cocaine offenses. (ECF No. 463). On January 26, 2012, Jackson filed a Motion to Reconsider sentence reduction pursuant to the 2011 Amendments, (ECF No. 465), which both the District Court and the Fourth Circuit subsequently rejected. (ECF Nos. 478, 487, 488, 489, 491, 492).

While Jackson's Motion to Reconsider was pending before the District Court, Jackson filed two separate Motions to Vacate, Set Aside, or Correct Sentence Pursuant to § 2255, on July 13, 2012 and July 16, 2012, respectively. (ECF Nos. 466, 470). The motion filed on July 13 specifically referenced Jackson's June 1999 conviction and subsequent sentence, attacking their constitutionality. (ECF No. 466). The motion filed on July 16 purportedly challenged a conviction and sentence entered on September 12, 2008, the date of Jackson's §3582(c)(2) sentence reduction, but again attacked the constitutionality of Jackson's original conviction and sentence.

## II.     Second or Successive § 2255 Petition

Pursuant to 28 U.S.C. § 2244, a petitioner who seeks to file a second or successive § 2255 petition must first obtain authorization from the court of appeals permitting the district court to consider the successive petition. 28 U.S.C. §§ 2244, 2255(h). Where a petitioner fails to seek or obtain appellate court authorization before filing a successive § 2255 petition, the district court lacks jurisdiction to entertain the petition "in the first place." *Burton v. Stewart*, 549 U.S. 147, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007); *see also*

*United States v. Winestock*, 340 F.3d 200, 208-09 (4th Cir. 2003) (ordering district court to dismiss for lack of jurisdiction).

The phrase "second or successive" is a term of art, *Slack v. McDaniel*, 529 U.S. 473, 486, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), as "not every numerically second petition is a 'second or successive' petition within the meaning of AEDPA." *In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006). In *Magwood v. Patterson*, the Supreme Court of the United States considered "when a claim should be deemed to arise in a second or successive habeas corpus application" under § 2244. *Magwood,* 130 S.Ct. 2788, 2796, 177 L.Ed.2d 592 (2010) (internal quotations omitted). There, the petitioner had previously succeeded on a § 2254 petition challenging his death penalty sentence. *Id.* at 2793. Following a new sentencing proceeding in which the petitioner was again sentenced to death, the petitioner filed a second habeas petition, challenging this new sentence. *Id.* at 2794. The Supreme Court held that "where. . . there is a new judgment intervening between the two habeas petitions, an application challenging the resulting new judgment is not 'second or successive' at all." *Id.* at 2802 (internal quotations omitted). Thus, because the state court's resentencing following a grant of habeas relief constituted a new judgment, the petitioner's new habeas petition was his "*first* application challenging that intervening judgment," and therefore did not require circuit court authorization to proceed. *Id.* at 2801. Several circuits have subsequently applied the rule announced in *Magwood* to parallel motions under § 2255. *See Johnson v. United States*, 623 F.3d 41, 45-46 (2d Cir. 2010); *Suggs v. United States*, 705 F.3d 279, 283 n.1 (7th Cir. 2013); *In re Lampton*, 667 F.3d 585, 587-88 (5th Cir. 2012); *Betzner v. United States*, 470 Fed. Appx. 744 (11th Cir. 2012); *United States v. McGaughy*, 670

F.3d 1149, 1159 n.7 (10th Cir. 2012).

Although the instant petitions appear to be Jackson's third and fourth attempts at obtaining relief under § 2255, Jackson argues that in light of *Magwood*, neither of his pending § 2255 petitions constitute a second or successive petition requiring circuit court authorization. (ECF Nos. 471 at 2; 476 at 16-18). According to Jackson, his 2008 sentence modification constituted a new intervening judgment, and therefore neither of his current § 2255 petitions are second or successive. (*Id.*).

However, Jackson's circumstance is distinguishable from *Magwood* in that his sentence was modified by the district court under 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) allows for the court to reduce the term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In doing so, the district court is instructed to "modify[] a sentence to substitute only the retroactive amendment and then leave all original Guidelines determinations in place." *Freeman v. United States*, 131 S.Ct. 2685, 2692, 180 L.Ed.2d 519 (2011). Thus, as the Supreme Court of the United States has explained, § 3582(c)(2) "authorize[s] only a limited adjustment to an otherwise final sentence and is not a plenary resentencing proceeding." *Dillon v. United States*, 130 S.Ct. 2683, 2691, 177 L.Ed.2d 271 (2010); *see also United States v. Robinson*, 413 Fed. App. 646, 648 (4th Cir. 2011) ("[P]roceedings to modify sentence under Section 3582 are limited in nature, and, therefore, are not intended to be full resentencings.").

Indeed, the plain text of § 3582(b) makes clear that "a judgment of conviction that includes such a [modified] sentence constitutes a final judgment for all other

purposes." 18 U.S.C. § 3582(b); *United States v. Sanders*, 247 F.3d 139, 143 (4th Cir. 2001) ("The plain text of § 3582(b) clearly states that this later modification does not affect the date on which [the petitioner's] judgment of conviction became final 'for all other purposes.'"). Accordingly, sentence modifications under § 3582 do not affect the finality of a criminal judgment for the purpose of assessing the timeliness of a § 2255 motion, *Sanders*, 247 F.3d at 143; *Murphy v. United States*, 634 F.3d 1303, 1308 (11th Cir. 2011), and do not constitute new judgments when considering whether a subsequently filed § 2255 motion is "second or successive." *See United States v. Samuel*, No. 3:94-773-JFA, 2011 WL 3703949, at *6 (D.S.C. Aug. 23, 2011); *Lay v. United States*, No. PJM-11-1421, 2011 WL 2293422, at *1 (D. Md. Jun. 8, 2011); *Jones v. United States*, No. DKC-11-280, 2011 WL 837763, at *1 (D. Md. Mar. 7, 2011); *Desper v. United States,* No. 2:10-1069, 2010 WL 5058674, at *1, fn. 2 (S.D.W.Va. Dec. 6, 2010); *United States v. Porter,* No. 7:94cr00037-1, 2010 WL 348019, at *1 (W.D.Va. Jan. 29, 2010); *see also Woods v. United States*, Nos. 13-CV-358-JPS, 95-CR-187-JPS, 2013 WL 1648299, at *2 (E.D. Wis. Apr. 16, 2013); *United States v. Riley*, No. CR495-010, 2011 WL 2111732, at *1 (S.D. Ga. May 11, 2011); *Sanders v. United States,* No. CV409-197, CR495-123, 2011 WL 1740015 (S.D.Ga. Apr. 26, 2011); *United States v. Griffin,* No. 3:99cr46/RV, 3:09cv75/RV/MD, 2009 WL 2763859 (N.D.Fla. Aug. 27, 2009); *but see Fontes v. United States*, No. 03-10137-PBS, 2010 WL 1223798, at *5 (D. Mass. Mar. 25, 2010) (pre-*Magwood*).

Because Jackson's sentence was modified under 18 U.S.C. § 3582(c)(2), the undersigned **FINDS** that the 2008 sentencing order does not constitute a new intervening judgment, and therefore his § 2255 motions are "second or successive"

motions. Jackson has not received authorization from the Fourth Circuit to proceed with the pending motions; therefore, they must be dismissed as this Court lacks jurisdiction to entertain them.

### III. <u>**Motion to Supplement Additional Grounds**</u>

In his Motion to Supplement Additional Grounds, Jackson attempts to raise four supplemental bases for relief under § 2255, all of which rely upon *United States v. Alleyne*, 133 S.Ct. 2151, -- L.Ed.2d --- (2013), a recent decision by the Supreme Court of the United States. (ECF No. 501). In *Alleyne*, a jury convicted the defendant of using or carrying a firearm during and in relation to a crime of violence, an offense that carried a statutory mandatory minimum sentence of 5 years' imprisonment. However, the jury did not make a specific finding that defendant had "brandished" the firearm, which, under the statute, would have increased the mandatory minimum sentence to 7 years' imprisonment. *Alleyne*, 133 S.Ct. at 2155-56. At sentencing, the trial judge concluded that whether defendant had brandished the weapon was a sentencing factor that the court could determine by a preponderance of the evidence. Finding that the evidence supported a finding of brandishing, the court sentenced defendant to seven years' imprisonment. *Id.* at 2156. The Fourth Circuit affirmed the trial court, and defendant appealed to the Supreme Court of the United States. The Supreme Court granted certiorari and ultimately vacated the sentence, holding that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury," thereby overruling its earlier decision in *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002). *Id.* at 2155. The defendant's case was then remanded for resentencing consistent with the jury's verdict. *Id.* at 2164.

Here, Jackson argues that he received an improperly enhanced sentence for "carrying and possessing a firearm in relation to a drug trafficking crime" in violation of 18 U.S.C. § 924(c) because he "did not plead guilty to the requisite statutory factual predicate in relation to his conviction." (ECF No. 501 at 2). Jackson also reasons by analogy to *Alleyne* that his sentence was improperly calculated as to his drug distribution conviction because he was never charged with, nor did he ever plead guilty to distributing any specific amount of cocaine or crack cocaine. (*Id.* at 4).

Unfortunately, and as discussed above, this Court does not have authority to review the merits of Jackson's additional claims because he has failed to obtain authorization from the Fourth Circuit to present his successive § 2255 petitions. 28 U.S.C. §§ 2244, 2255(h). Accordingly, the undersigned **RECOMMENDS** that Jackson's Motion to Supplement Additional Grounds be **DENIED.**

## IV. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court accept and adopt the findings proposed herein and **RECOMMENDS** the following:

1. Movant's Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF Nos. 466 and 470) be **DENIED**;

2. Movant's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 473) be **DENIED**;

3. Movant's Motion to Supplement Additional Grounds (ECF No. 501) be **DENIED**;

4. This civil action be **DISMISSED, with prejudice,** and removed from the docket of this Court.

The parties are notified that this "Proposed Findings and Recommendations" is

hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Movant, Respondent, and any counsel of record.

**FILED**: August 9, 2013.

_____
Cheryl A. Eifert
United States Magistrate Judge